# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE GARRETT, Inmate #N20411,<br><br>                      Plaintiff,<br><br>      vs.<br><br>PEOPLE OF THE STATE OF ILLINOIS, et al.,<br><br>                      Defendants. | Case No.: 3:17-cv-01277-LAB-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

      JOHNNIE GARRETT ("Plaintiff"), also known as Johnny Garrett, and J. Garrett McClain, currently incarcerated at Pinckneyville Correctional Center in Pinckneyville, Illinois, and proceeding pro se, has filed a practically incomprehensible document entitled "prisoner civil rights lawsuit" against the State of Illinois and a group of unidentified

1

3:17-cv-01277-LAB-KSC

Illinois police and correctional officers, public defenders, a warden, state attorney, and a judge. It appears Plaintiff seeks to dismiss an indictment, have the court issue a writ of habeas corpus, grant him visitations with "Ms. China Anne McClain," and compel the Defendants to "answer" a series of questions, including: "Do the police and or sheriff lie alot [sic]?" and "Did his counsel give wrong advice in a legal case?" *See* ECF No. 1 at 1. Attached to his 2-page pleading, but lacking any context or explanation whatsoever, are photocopies of Plaintiff's prison canteen shopping list (including soap and toothpaste), and a TV channel guide and program listings. *Id.* at 6-7.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I. Motion to Proceed IFP**

A. <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to altogether preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

2

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Application to Plaintiff</u>

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at

1055 (quoting 28 U.S.C. § 1915(g)). In fact, Plaintiff's pleading is plainly frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim is frivolous, and must be dismissed sua sponte pursuant to 28 U.S.C. 1915(e)(2) [formerly codified at 28 U.S.C. § 1915(d)] "where it lacks an arguable basis . . . in law."); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015) ("Even in 1892, 'Congress recognized ... that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'") (quoting *Neitzke*, 490 U.S. at 324).

A court may take judicial notice of its own records, *see Molus v.* Swan, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Johnnie Garrett, also known as Johnny Garrett and J. Garrett McClain, and identified as Illinois State Inmate #N20411, has had at *least* five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

---

[1] In fact, a PACER search of all civil rights and habeas corpus cases filed by "Johnnie" or "Johnny" Garrett, Illinois Inmate #N20411, in federal district courts in several states in addition to Illinois, from 1994 to date, total 63. *See* https://pcl.uscourts.gov/view?sort=cs_date_filed&rid=kP00IGoOOIoZ742yfNm7pHwZd7pS8U5IEyvAPqza&page=1&reverse=1 (last visited Aug. 29, 2017); https://pcl.uscourts.gov/view?sort=cs_date_filed&rid=86Htgnv3cvYUMN1AOYtondzI0Q77SX60UbCXLxnl&page=1 (last visited Aug. 29, 2017).

They are:

1) *McClain, Garrett v. Attorney General of the State of Illinois, et al.*, Civil Case No. 3:13-cv-01087-MJR (S.D. Ill., Jan. 21, 2014) (Memorandum and Order dismissing case with prejudice "for failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 9) (strike one);

2) *Garrett v. Attorney General, et al.*, Civil Case No. 3:13-cv-01196-JPG (S.D. Ill., Dec. 17, 2013) (Memorandum and Order dismissing case with prejudice "as frivolous and malicious" pursuant to 28 U.S.C. § 1915A) (ECF No. 7) (strike two);

3) *Garrett v. State of Illinois, et al.*, Civil Case No. 3:13-cv-01298-JPG (S.D. Ill., Dec. 30, 2013) (Memorandum and Order dismissing civil action with prejudice as "frivolous" pursuant to 28 U.S.C. § 1915A) (ECF No. 5) (strike three);

4) *Garrett v. Unknown*, Civil Case No. 2:13-cv-04468-UA-MRW (C.D. Cal., July 9, 2013) (Order denying leave to proceed IFP and dismissing civil action as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted.") (ECF No. 2) (strike four); and

5) *Garrett v. United States of America, et al.*, Civil Case No. 2:13-cv-04971-US-MRW (C.D. Cal. July 18, 2013) (Order denying leave to proceed IFP and dismissing civil action as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted.") (ECF No. 2) (strike five).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g)

"does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Improper Venue

Finally, even if Plaintiff paid the full civil filing fee required by 28 U.S.C. § 1914(a), or was entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a), an initial review of his Complaint reveals he filed it in the wrong district.[2] Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong

///

---

[2] The Court suspects Plaintiff is forum shopping because in addition to be being barred by 28 U.S.C. § 1915(g), he has been "given warnings about filing frivolous papers or actions by multiple courts," including the Southern District of Illinois, *see Garrett v. People of the State of Illinois*, Civil Case No. 3:17-cv-00267-SMY (S.D. Ill., April 12, 2017 Memorandum and Order) (ECF No. 31 at 2), and a pre-filing review Order has been entered against him in the Northern District of Georgia. *See Garrett v. Unknown Defendants*, Civil Case No. 1:16-cv-04182-AT (N.D. Ga., Nov. 11, 2016 Final Report and Recommendation ("R&R") to dismiss action under 28 U.S.C. § 1915(g) and to "restrict further filings from Plaintiff in this Court, other than notices of appeal and complaints filed with the full filing and administrative fee, to those filings that the Court, after pre-docketing review, determines are not frivolous or vexatious.") (ECF No. 3 at 1-2); (N.D. Ga., Dec. 15, 2016 Order adopting R&R) (ECF No. 6).

division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff is currently incarcerated in Pinckneyville, Illinois, and he seeks to sue unidentified Illinois state officials. No Defendant is alleged to reside in either San Diego or Imperial County, and no ascertainable claim is alleged to have arisen in the Southern District of California. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."); 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

Finally, because Plaintiff's pleading is patently frivolous, the Court finds the "interests of justice" would *not* be served by transferring this case to the Southern District of Illinois, where it arguably "could have been brought," and instead exercises its discretion to dismiss the action in its entirety pursuant to 28 U.S.C. § 1406(a). *See King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not … [be] served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: September 11, 2017

**H**ON. **L**ARRY **A**LAN **B**URNS
United States District Judge